182 So. 413

## HOUSE v. STATE.

### 6 Div. 267.

Court of Appeals of Alabama.

June 21, 1938.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appellant was arraigned upon an indictment which charged him with the offense of assault with intent to murder. As an answer thereto he interposed a plea of guilty of an assault and battery with a weapon, and it appears from the judgment entry the cause was submitted to a jury who returned a verdict in accordance with defendant's plea, and assessed a fine against him of $50. The fine and cost not being presently. paid, nor judgment confessed therefor, the court sentenced him to hard labor for the county for 20 days in payment of the fine, and to a period of 105 days to pay the cost at 75¢ per day. Notwithstanding his plea of guilty, as aforesaid, the defendant appealed to this court from the judgment of conviction pronounced and entered.

There is no bill of exceptions in the transcript, and the trial judge certifies to this court that no bill of exceptions has been filed in this case, and, further, that the time for filing same has expired. Hence this appeal is upon the record proper only. As a consequence, the only question before this court, is the regularity of the proceedings in the lower court as disclosed by the record.

[2] We have examined the record and find it without error, therefore the judgment of conviction from which the appeal was taken will stand affirmed.

In the preparation of this record there was included several pages of matter pertaining to certain orders having been made and entered by the court. This entailed upon the person who prepared the record time and labor in doing a useless and unnecessary thing, and we note in practically every record coming from this same nisi prius court a similar course is usually indulged and followed. In order to obviate this useless and unnecessary labor, we make special reference, and invite attention to Supreme Court Rules 26 and 27, 4 Vol. Code 1923, pp. 887, 888, to which in the future adherence should be had. Said rules are plain and unambiguous and

by conforming thereto much time and labor in the preparation of transcripts may be conserved.

Affirmed.